# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## NOVEMBER SESSION, 1996

| | | |
|---|---|---|
| **LARRY DARNELL LAKE**, | ) | |
| | ) | No. 02C01-9512-CC-00378 |
| Appellant | ) | |
| | ) | HARDEMAN COUNTY |
| vs. | ) | |
| | ) | Hon. Jon Kerry Blackwood, Judge |
| **STATE OF TENNESSEE**, | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

FILED

Dec. 16, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

For the Appellant:

Pro Se
Larry Darnell Lake #115184
Cold Creek Correctional Facility
Henning, TN 38041-1000

For the Appellee:

Charles W. Burson
Attorney General and Reporter

Cyril V. Fraser
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General

Jerry Norwood
Asst. District Attorney General
302 Market Street
Somerville, TN

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Larry Darnell Lake, pled guilty, on May 9, 1988, to two counts of armed robbery.  Subsequently, the Hardeman County Circuit Court sentenced the appellant to forty years imprisonment on each count to run concurrently.  No direct appeal was taken.  On April 29, 1989, the appellant timely filed a petition for post-conviction relief alleging ineffective assistance of counsel.  The trial court dismissed the petition.  On January 18, 1995, the appellant filed a second post-conviction petition alleging the ineffectiveness of post-conviction counsel.  This petition was dismissed as time-barred.  The appellant now appeals this dismissal.

We agree with the trial court's finding that the applicable three year statute of limitations barred the appellant's petition.  Tenn. Code Ann. § 40-30-102 (1986 Supp.) (repealed).  In addition to the expiration of the limitations period, the appellant fails to allege a cognizable ground for post-conviction relief.  Post-conviction relief may only be granted when the conviction or sentence is void or voidable because of an abridgement of a constitutional right.  Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994) (citations omitted).  The appellant's petition alleges ineffectiveness of post-conviction counsel.  There is no constitutional right to the effective assistance of counsel in post-conviction proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 554-555, 107 S.Ct. 1990, 1993 (1987); House v. State, 911 S.W.2d 705, 711 (Tenn. 1995), cert. denied, --U.S.--, 116 S.Ct. 1685 (1996).  As such, the appellant's reliance upon Burford v. State, 845 S.W.2d 204 (Tenn. 1992), and Sands v. State, 903 S.W.2d 297 (Tenn. 1995), is misplaced.[1]  We affirm the judgment of the trial court.

_____
DAVID G. HAYES, Judge

---

[1]These decisions set forth a three step process to determine whether the strict application of the three year limitations period violates one's due process rights.

CONCUR:

_____
GARY R. WADE, Judge

_____
WILLIAM M. BARKER, Judge